IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ASYST TECHNOLOGIES, INC. DERIVATIVE LITIGATION

No. C-06-04669 EDL

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY**

This Document Relates to:
   ALL ACTIONS

_____/

In this shareholder derivative action, Plaintiffs allege that Defendants, officers and directors of Asyst, violated federal securities laws as well as state laws when they backdated stock options and made false filings with the Securities and Exchange Commission to cover up their conduct from 1995 through 2006. On March 4, 2008, Plaintiffs filed a motion to lift any discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Defendants opposed the motion, and Plaintiffs filed a reply. The Court held a hearing on March 25, 2008. For the reasons stated at the hearing and in this Order, Plaintiffs' Motion to Lift Discovery Stay is denied without prejudice.

The PSLRA provides for a discovery stay:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The discovery stay imposed in all actions arising under this chapter applies to shareholder derivative actions as well as securities class actions. See, e.g., In re Marvell Technology Group Ltd. Derivative Litigation, 2007 WL 1545194 (N.D. Cal. May 29, 2007); Melzer v. CNET Networks, 2006 WL 3716477 (N.D. Cal. Dec. 15, 2006); In re Altera Corp.Derivative

1  Litigation, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006). Moreover, at oral argument, Plaintiffs
2  agreed that the Court could assume that the PSLRA applies in this case. Instead, Plaintiffs argued
3  that this case comes within the exception that allows the Court to lift the discovery stay when
4  "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that
5  party." 15 U.S.C. § 78u-4(b)(3)(B).

6      To satisfy the requirement of particularized discovery, Plaintiffs must "adequately specify
7  the target of the requested discovery and the types of information needed to relieve that burden." In
8  re Lernout & Hauspie Securities Litigation, 214 F.Supp. 2d 100, 108 (D. Mass. 2002). Here,
9  although Plaintiffs' proposed discovery requests are somewhat broader than necessary, for the most
10 part they seek sufficiently particularized and not unduly burdensome documents. Plaintiffs do not
11 argue that lifting the stay is necessary to prevent spoliation of evidence or that there is any unusual
12 risk that the evidence sought will not be preserved. To the contrary, Defendants' counsel confirmed
13 in open court that it has imposed a litigation hold, and the Court specifically instructed Defendants
14 to preserve all the discovery requested in Plaintiffs' motion. Plaintiffs have not, however, made a
15 showing of undue prejudice to justify lifting the discovery stay, at least at this point in the litigation.
16 Undue prejudice exists if there is "improper or unfair detriment that need not reach the level of
17 irreparable harm." Lernout, 214 F.Supp. 2d at 107; Medical Imaging Ctr of Am., Inc. v.
18 Lichtenstein, 917 F. Supp. 717, 720-21 (S.D. Cal. 1996) ("Using an 'undue prejudice' standard in
19 applying the exception to the statutory discovery stay appropriately attempts to balance the
20 competing concerns of maintaining truth and integrity in the marketplace while curbing meritless
21 litigation.").

22     Here, Plaintiffs argue that they will suffer undue prejudice if they are not permitted to
23 conduct limited discovery because other agencies such as the Securities and Exchange Commission
24 and the Department of Justice have investigated Asyst's backdating conduct "while Plaintiffs have
25 been left with nothing other than publicly available information." Mot. at 9. Plaintiffs contend that
26 it is unfair for "plaintiffs to be left behind without access to these probative documents while
27 government and internal investigators move along full speed ahead with their investigations into
28 defendants' wrongdoing." Mot. at 9; see Vacold LLC v. Cerami, 2001 U.S. Dist. LEXIS 1589 (S.D.

2

N.Y. Feb. 16, 2001) ("Rather, the removal of the PSLRA's discovery stay is warranted on grounds of undue prejudice, because the failure to allow discovery on the limited issue of the nature and timing of J & J's interest and investment in AVT and VLN may unfairly insulate defendants from liability for securities fraud as alleged by plaintiffs in the Complaint. Moreover, defendants' failure to specify the timing of their negotiations with J & J concerning the latter's investment further suggests the possibility that plaintiffs would suffer improper or unfair treatment in the absence of the requested discovery."); Firstenergy Corp. Securities Litigation, 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("Without discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies.").

To the extent that Vacold may have justified lifting the stay to avoid insulating Defendants from liability, it is in some tension with the Ninth Circuit's decision in SG Cowen Sec. v. U.S. Dist. Court for the Northern Dist. of Cal., 189 F.3d 909, 913 (9th Cir. 1999), as Vacold recognized when it prefaced its citation of the case with "but see." Vacold, 2001 U.S. Dist. LEXIS 1589, *24. The Ninth Circuit held that:

> The "Stay of Discovery" provision of the Act clearly contemplates that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." S.Rep. No. 104-98, at 14 (1995) reprinted in U.S.C.C.A.N. 693 (emphasis added). The Act requires the trial court to dismiss the complaint if it fails to satisfy the Acts heightened pleading standards. See § 78u-4(b)(3)(A). Thus, as a matter of law, failure to muster facts sufficient to meet the Act's pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under § 78u-4(b)(3)(B). To so hold would contravene the purpose of the Act's heightened pleading standards.

SG Cowen, 189 F.3d at 912-13 ("'Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.'") (quoting Medhekar v. U.S. Dist. Court for the Northern Dist. of Cal., 99 F.3d 325, 328 (9th Cir. 1996)). Thus, Plaintiffs' argument that they need to be on an equal footing with other investigative agencies by obtaining documents already produced to those other agencies, without more, does not justify lifting the discovery stay.

Moreover, the cases cited by Plaintiffs to support their argument of undue prejudice are inapposite. See, e.g., Lernout, 214 F. Supp. 2d at 109; WorldCom, 24 F. Supp. 2d at 305. In WorldCom, for example, the court reasoned that the lead plaintiffs in that litigation would suffer

3

1  undue prejudice because they "would essentially be the only major interested party in the criminal
2  and civil proceedings against WorldCom without access to documents that currently form the core of
3  those proceedings" at a time when global settlement discussions were imminent.  WorldCom, 234 F.
4  Supp. 2d at 305-06 ("If NYSCRF must wait until the resolution of a motion to dismiss to obtain
5  discovery and formulate its settlement or litigation strategy, it faces the very real risk that it will be
6  left to pursue its action against defendants who no longer have anything or at least as much to
7  offer.").  Similarly, in Lernout, the court found that under the "particularly extreme set of
8  circumstances" in that case, the plaintiffs would be unduly prejudiced by a continued stay of
9  discovery due to the bankruptcy and potential dissolution of the company at issue and genuine threat
10 that evidence would be lost.  By contrast, there has been no showing that any of the concerns raised
11 in these cases are present in this case.  Moreover, it appears that oversight agencies are no longer
12 pursuing cases against Asyst; Defendants state that the Securities and Exchange Commission has
13 closed its investigation, and the Department of Justice "has shown no further interest."  Opp. at 2;
14 see also Howald Decl. Ex. A at 3 (stating that the SEC had closed its investigation and the US
15 Attorney's Office suspended the compliance date of a subpoena).

At the hearing, Plaintiffs raised for the first time the issue that Defendants' Motion to Dismiss, filed after the briefing was complete on the Motion to Lift Discovery Stay, asserts as grounds for dismissal that Defendants used the internal investigation that cleared them of wrongdoing and persuaded the government agencies to close their investigations, yet refuse to provide Plaintiffs access to the report or supporting documents, relying on the stay.  This argument was not raised in Plaintiffs' motion as a reason to lift the discovery stay at this time, so the Court declines to consider it here.  The Court may revisit its decision if the motion to dismiss so warrants.

**IT IS SO ORDERED.**

Dated: April 3, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

4